# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Nicole Catherwood Rude, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER RE § 1915(e)(2) SCREENING** |
| | ) | |
| vs. | ) | |
| | ) | |
| Laughing Sun Brewing Company, LLC, | ) | |
| North Dakota Department of Labor, and | ) | |
| U.S. Equal Employment Opportunity | ) | |
| Commission, | ) | Case No. 1:20-cv-029 |
| | ) | |
| Defendant. | ) | |

Plaintiff has been granted leave to proceed *in forma pauperis* in the above-captioned case. She has also filed notice of her consent to the Magistrate Judge's exercise of jurisdiction. (Doc. No. 5). The matter is now before the court for screening pursuant to 28 U.S.C. § 1915(e)(2).

## I.    BACKGROUND

Plaintiff initiated this action *pro se* in February 2020 with the submission of a "form complaint." She names her former employer, Laughing Sun Brewing Company, LLC ("Laughing Sun"), as well as the North Dakota Department of Labor ("NDDOL") and the U.S. Equal Employment Opportunity Commission ("EEOC") as defendants. She asserts that she was subjected to hostile work environment in violation of Title VII of the Civil Rights Act of 1964 while employed at Laughing Sun. Specifically, she alleges that she was harassed by a male shift supervisor, that the harassment was largely sexual in nature and lasted for approximately one month, that the harassment only ended when she resigned, and that the whole experience has exacerbated the anxiety with which she suffers. She then goes on to express her displeasure with results of the administrative review of the charge of discrimination she had filed prior to initiating this action, asserting that the

EEOC investigator's demeanor was off putting and the EEOC investigation was deficient.[1]

## II.    STANDARDS GOVERNING § 1915(e)(2) REVIEW

Section 1915(e)(2) provides that, notwithstanding financial eligibility, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Federal Rule of Civil Procedure 8(a)(2) requires a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  To meet this standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Robinson v. Bridgeport Pub. Sch., No. 8:16CV177, 2016 WL 3920167, at *3 (D. Neb. July 15, 2016) (requiring plaintiffs to set forth enough factual allegations to nudge their claims across the line from conceivable to plausible). In applying the standard, the court must accept the plaintiff's factual allegations as true.  Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  *Pro se* complaints must be liberally construed.  Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

## II.    DISCUSSION

### A.    Plaintiff's Claim against EEOC

Plaintiff's dissatisfaction with the EEOC's investigation of her charge of discrimination claim does not constitute the basis for cognizable claim against the EEOC.

---

[1] Plaintiff does not explicit state whether the investigator was working for the EEOC or the NDDOL.  However, plaintiff advises that she emailed the EEOC's Inspector General to express her concerns about the investigator that the she lodged a complaint regarding the investigation and investigator.  Thus, by all appearances, it is the EEOC and not the NDDOL about which she is complaining.

As a general matter, the federal government may not be sued without its consent. United States v. Lee, 106 U.S. 196, 205 (1882). Congress, however, has specifically authorized judicial review of agency actions under the Administrative Procedure Act ("APA"). 5 U.S.C.A. § 702

The APA provides that judicial review is only available for "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. "Courts have uniformly held that no cause of action exists with respect to the EEOC's handling of discrimination claims because Congress has given plaintiffs a right to file a de novo lawsuit against the allegedly discriminating employer." Terry v. Dir., Complaint Adjudication Div., U.S. E.E.O.C., Office of Fed. Operations, 21 F. Supp. 2d 566, 569 (E.D. Va. 1998), *aff'd sub nom*. Terry v. Dir., Complaint Adjudication Div., 173 F.3d 425 (4th Cir. 1999) (relying on case law out of the First, Second, Fifth Seventh, Ninth, Tenth, and D.C. Circuits for support).

Here, plaintiff's only recourse for an allegedly inadequate EEOC investigation is to file suit directly against her former employer, which she has done. The EEOC alleged actions or lack thereof are not subject to review under the APA and thus do not constitute the claim for which relief can be granted. Consequently, the EEOC shall be dismissed from this action.

**B.      Plaintiff's Claim against NDDOL**

The NDDOL is likewise dismissed from this action. Plaintiff has neither explicitly alleged any wrongdoing by the NDDOL and its employees nor otherwise articulated a basis for the NDDOL's inclusion in this action. Moreover, the NDDOL is immune under the Eleventh Amendment from any claims for damages. See Hadley v. N. Arkansas Cmty. Tech. Coll., 76 F.3d 1437, 1438 (8th Cir. 1996) (citing Edelman v. Jordan, 415 U.S. 651 (1974) for the proposition that

the "Eleventh Amendment immunizes an unconsenting State [and its agencies] from damage actions brought in federal court, except when Congress has abrogated that immunity for a particular federal cause of action."); see also Iowa Valley Cmty. Coll. Dist. v. Plastech Exterior Sys., Inc., 256 F. Supp. 2d 959, 962 (S.D. Iowa 2003) ("A suit against a State or one of its agencies or departments brought in federal court is proscribed by the Eleventh Amendment regardless of the nature of the relief sought."). The court shall next address the plausibility of plaintiff's claim against Laughing Sun.

### C.     Plaintiff's Claim against Laughing Sun

A plaintiff need not plead facts sufficient to establish a prima facie case of employment discrimination in her complaint. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511-512 (2002) (holding a complaint in employment discrimination lawsuit need not contain "facts establishing a prima facie case," but must contain sufficient facts to state a claim to relief that is plausible on its face), abrogated in part on other grounds by Twombly, 550 U.S. at 570. However, the elements of a prima facie case are relevant to a plausibility determination. See Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 54 (1st Cir. 2013) (stating elements of a prima facie case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim"); see also Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

To establish a prima facie case of hostile work environment based on sex, plaintiff "must show: (1) membership in a protected group; (2) the occurrence of unwelcomed sexual harassment;

(3) that the harassment occurred because of her sex; and (4) that the harassment affected a term, condition or privilege of her employment." *Rester v. Stephens Media, LLC*, 739 F.3d 1127, 1131 (8th Cir. 2014). "This demanding standard requires extreme conduct rather than merely rude or unpleasant conduct." Id. (looking at the totality of the circumstances when considering whether discriminatory, ridicule, and insult have permeated the workplace) ((internal quotation marks omitted).

Here, plaintiff touches upon all of the aforementioned elements in her complaint. Accordingly, the court concludes that, for the purposes of its review, plaintiff has asserted a claim against Laughing Sun that is plausible on its face. Whether it ultimately has merit remains to be seen.

## III.  CONCLUSION

Insofar as plaintiff is endeavoring to assert claims against the EEOC or the NDDOL, they are dismissed with prejudice. However, the court is not prepared to conclude at this point that no claim for relief has been stated against Laughing Sun. Accordingly, the court directs the Clerk's office to effectuate service of the summons and complaint upon Laughing Sun in accordance with Rule 4 of the Federal Rules of Civil Procedure and, if necessary, that the service be made by the United States Marshals Service.

**IT IS SO ORDERED.**

Dated this 5th day of March, 2020.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court